COPY
LODGED

2011 APR -5 PM 2:43
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY _____

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT
MAY - 3 2011
CENTRAL DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

GO-FRESH PRODUCE, INC., a California corporation,

    Plaintiff,

v.

MARTIN CORIA, also known as MARTIN PARRA CORIA, also known as MARTIN CORIA PARRA, individually and doing business as VALLEY WEST PRODUCE, a sole proprietorship,

    Defendant.

CASE NO. CV 11-02877 CBM (DTBx)

ORDER RE PRELIMINARY INJUNCTION

    This matter is before the Court upon Plaintiff's Motion for Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure.

    Plaintiff GO-FRESH PRODUCE, INC. ("Plaintiff") is a produce dealer and creditor of Defendant MARTIN CORIA, also known as MARTIN PARRA CORIA, also known as MARTIN CORIA PARRA, individually and doing business as VALLEY WEST PRODUCE, a sole proprietorship, under Section 5(c) of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. §499e(c). Defendant has not paid

$28,531.00 due to Plaintiff for produce purchased by Defendant as required by the PACA. Plaintiff has established to the Court's satisfaction that Defendant is in severe financial jeopardy and the PACA Trust is being threatened with dissipation. Based upon the affidavits and certification of Plaintiff and Plaintiff's counsel, it appears that Defendants is not or may not be in a position to pay Plaintiff's PACA claim.

The pleadings and supporting documents on file establish the Defendant either dissipated the PACA Trust or has presented a sufficient threat of dissipation of such trust to warrant the relief granted in this Order. On the basis of the pleadings, affidavits and other documents submitted to the Court, it appears the Plaintiff will suffer immediate and irreparable injury due to Defendant's dissipation of the statutory trust created pursuant to 7 U.S.C. §499e(c) and that such dissipation will continue in the absence of injunctive relief.

Upon review of Plaintiff's Complaint, Plaintiff's *ex parte* application for injunctive relief, the declarations, exhibits and Memorandum of Points and Authorities in Support of Plaintiff's Motion for a Temporary Restraining Order and/or Preliminary Injunction and Plaintiff's Supplemental Memorandum of Points and Authorities and the exhibits attached there, all documents on file with the Court, this Court has determined that Plaintiff has shown that absent an injunction, Plaintiff will suffer irreparable harm from the danger of dissipation of assets subject to the Perishable Agricultural Commodities Act of 1930, as amended, 7 U.S.C. §499a-q *et seq* ("PACA"). Further, Plaintiff, a valid PACA trust creditor, has demonstrated a likelihood of success on the merits.

IT IS HEREBY ORDERED that Defendant be and hereby is preliminary enjoined during the pendency of this action, pursuant to Rule 65 of the Federal Rules of Civil Procedure, from engaging in, committing, or performing directly and indirectly, any and all of the following facts:

A. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of

food or other products derived from perishable agricultural commodities and/or receipts of payment for such commodities sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

    B.    Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets;

    C.    Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that Defendant, and his partners, officers, directors, bankers, agents, subsidiaries, successors, assignees, principals, assignors, attorneys and persons acting in concert with him, shall within 24 hours after being served with this Order deposit into the trust account of Plaintiff's counsel, Lois Rubin, Esq. of Rynn & Janowsky, LLP, PACA Trust assets in the amount of at least $32,563.80, which includes the amount of the PACA trust principal owing to Plaintiff of $28,531.00, plus interest accrued through March 31, 2011, in the amount of $290.30, plus reasonable attorney's fees in the amount of $3,392.50, plus filing fees of $350.00.

IT IS FURTHER ORDERED that during the pendency of this action, Defendant, his partners, agents, bankers, subsidiaries, successors, assignees, principals, attorneys, and persons acting in concert with him shall be and hereby are prevented from transferring, withdrawing or in any other manner removing PACA trust assets, including funds on deposit in banking accounts held by or on behalf of Defendant from said Defendant's business account, including but not limited to Defendant's accounts held at Wells Fargo Bank, 34340 Monterey Avenue, Palm Desert, CA 92211, account number 5739323011, and any other accounts subsequently discovered to be standing in Defendant's name, individually and/or in Defendant's fictitious business names.

IT IS FURTHER ORDERED that during the pendency of this action, Defendant and his counsel, agents, or representatives, shall be preliminary enjoined from engaging in, committing, or performing directly and indirectly, any and all of the following acts:

D. Removing, withdrawing, transferring, assigning or selling to any other person or entity, the proceeds from the sales of any or all existing or future inventories of food or other products derived from perishable agricultural commodities, including, but not limited to growing crops, and/or receipts of payment for products sold prior to the date of this order and/or otherwise disposing of assets, books or funds;

E. Taking any other action whatsoever which causes, has the effect of causing, or which otherwise dissipates Plaintiff's beneficiary interests in the trust assets.

F. Taking any other action whatsoever which violates 7 U.S.C. §499e(c)(1) through (4), inclusive, and 7 U.S.C. §499b(4) [§2 of Perishable Agricultural Commodities Act ("PACA")].

IT IS FURTHER ORDERED that in the event Defendant lacks sufficient funds to promptly deposit the sums described above, Defendant shall be and hereby are required and ordered to:

G. Immediately account to the Court and Plaintiff for all assets of the PACA trust from commencement of Defendant's business through the date of this Order.

H. Immediately assign Defendant's inventory of perishable agricultural commodities and produce related receivables to Plaintiff for collection until Plaintiff is fully paid, and deposit and/or deliver complete accounts, records, and information of all of said receivables to Plaintiff's counsel without charge to the trust, and subject to Plaintiff's counsel making a weekly accounting for all receivables received or collected by Plaintiff's counsel in that regard. Plaintiff's counsel shall act as trustee in connection with its duties of collection of the accounts receivable and shall deposit any cash assets of the trust which are collected under this order in a trust account. In Plaintiff's sole discretion, to the extent necessary to prevent loss of Defendant's inventory of perishable agricultural commodities through decay, over-ripening, spoliation or improper storage or handling; Plaintiff may immediately take possession of any such inventory and sell such inventory through a PACA licensed broker. The proceeds of any such sales shall be held in trust by Plaintiff's counsel pending further order of this court. Any broker retained by

1  Plaintiff or Plaintiff's counsel to effectuate such sales may retain a brokerage commission
2  in an amount reasonable and customary in the produce industry.

3       I.    Endorse any checks made, endorsed or paid, to Defendant which are trust
4  assets and which are in their possession or obtainable by Defendant at the time of the
5  entry of this Order, or which Defendant obtains or which become obtainable by
6  Defendant after the entry of this Order, including but not limited to checks representing
7  payment for sales of growing crops, and shall deliver said assets within 48 hours of
8  Defendant's receipt of them to Plaintiff's counsel as set forth above. Likewise,
9  Defendants shall deliver any cash assets of the PACA trust which are in his possession or
10 are obtainable by Defendant at the time of the entry of this order, or which Defendant
11 obtains or which become obtainable by Defendant after entry of this Order, within 48
12 hours of Defendant's receipt of them to Plaintiff's counsel.

13      IT IS FURTHER ORDERED that during the pendency of this action, and
14 continuing thereafter, Plaintiff and its counsel, agents, or representatives, shall have full
15 and complete and continuing access to all of Defendant's books and records, which shall
16 include, but not necessarily be limited to, Defendant's accounts receivable and payable
17 ledgers, invoices, ledgers, computer runs, bank statements and canceled checks, relating
18 to Defendant's business and personal financial status from commencement of
19 Defendant's business activities forward for the purpose of verifying Defendant's
20 accountings required by this Order and for enforcement of this Order. Defendant shall,
21 upon 48 hours notice by Plaintiff's counsel, allow inspection and copying of the books
22 and records of said Defendant by Plaintiff or its representatives at Defendant's place of
23 business.

24      IT IS FURTHER ORDERED that during the pendency of this action, Plaintiff
25 shall be entitled to depose, under oath, at reasonable times and places, upon at least 48
26 hours notice, Defendant and/or Defendant's principals, employees, agents and
27 accountants concerning any matter pertaining to any accounting due pursuant to this
28 Order, any books which Plaintiff is entitled to inspect under this Order, the trust assets or


1  any of Defendant's assets, and/or Defendant's business practices, procedures or
2  operations from commencement of Defendants' business activities.
3      IT IS FURTHER ORDERED that Wells Fargo Bank release information about the
4  above-described accounts including the amounts contained in the accounts.
5      IT IS FURTHER ORDERED that no bond shall be required to be posted by
6  Plaintiff before the Preliminary Injunction is effective.

7
8  DATED: MAY 3, 2011
                                                       _Margaret M. Morrow_
9                                                U.S. DISTRICT COURT JUDGE
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28